PEDRO MALDONADO ET AL., Appellants, v. INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 207.  Argued December 2, 1940.—Decided December 10, 1940.

*Ismael Soldevila* for appellants. *George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General,* and *Víctor J. Vidal* and *G. Atiles Moréu, Legal Advisers of the State Insurance Fund,* for respondents.

Mr. JUSTICE DE JESÚS delivered the opinion of the court.

In the proceeding for review instituted in this court by the beneficiaries of Agapito Rodríguez, a deceased workman, the Industrial Commission of Puerto Rico and the State Insurance Fund—the latter in its capacity as insurer and intervener—were made parties. On the 4th of last month this court made an order directing the secretary to request from the Industrial Commission the record of the case No. C.I. 7313, and Monday the 2d instant was set for the hearing of the petition for review. On November 25 the petitioners filed their brief, and on the same day they served notices thereof on the Industrial Commission of Puerto Rico and on the attorney for the Manager of the State Insurance Fund, who, being the insurer of the workman's employer, would stand for the party aggrieved in case this court should reverse the decision of the Industrial Commission releasing the State Insurance Fund from liability. On the day following the filing of the brief for the petitioners, the Manager of the State Insurance Fund presented a motion to dismiss the petition for review for lack of jurisdiction of this court to entertain the proceeding, as he had not been served with a copy of the petition notwithstanding the fact that he was an adverse party who would be prejudiced in case of a reversal of the decision of the Industrial Commission. On the 27th of the same month of November, at 10:42 in the morn-

ing, that is, on the day following that on which the motion to dismiss had been filed, the petitioners presented in the office of the secretary of this court written evidence of having served the Manager of the State Insurance Fund with a copy of the petition. On that same date the petitioners filed a motion in opposition to the motion of the Manager of the State Insurance Fund wherein the latter had requested the dismissal of the proceeding. The hearing of the motion to dismiss was held on the 2d instant. By that time, as we have seen, five days had elapsed since the Manager of the State Insurance Fund had received a copy of the petition for review. The manager, however, insists in demanding the dismissal of the proceeding for want of jurisdiction.

As very aptly said by the attorney for the petitioners in his oral argument, in this case there is not involved an appeal whose prosecution is governed by the Code of Civil Procedure, according to which it is indispensably required that within a certain time from the notification of the judgment, the notice of appeal should be filed and the adverse party served with that notice within the same time provided for the taking of the appeal. All that Act No. 45 of 1935 (Session Laws, p. 250), which created this remedy, says with respect to the procedure to be followed in instituting a proceeding for review in this court is the following:

"Section 11.—Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof, . . ."

The law does not require that notice should be served on the parties before a petition for review is filed in the Supreme Court. When said petition is presented, the court studies the same and, if it considers the case to be *prima facie* reviewable, it issues the corresponding order for the commission to send up the record. The remedy, by its nature, is more like

a certiorari proceeding than an ordinary appeal. Consequently, there should be applied by analogy the procedure which we follow in the certiorari cases originally filed in this court. At the same time that the order for the Industrial Commission to send up the record is issued, the petitioner will be directed to notify the parties, who will be the Industrial Commission and the ones that may have appeared before said commission and that may be affected by the decision to be rendered by this court. In other words, we shall apply as far as possible section 69 of our rules.

The case of *Montaner v. Industrial Commission, ante,* p. 672, is no authority for dismissing the proceeding herein, as in that case an interested party had not been joined in the petition, nor had at any time been served with notice thereof, whilst in the case at bar the person aggrieved was made a party to the petition and notified thereof five days before the day set for the hearing of the motion to dismiss.

In virtue of the foregoing, and it appearing that the petitioners in this case have substantially complied with said rule, the motion to dismiss must be denied and a day set for the hearing of the petition on the merits.